**F I L E D**
CLERK, U.S. DISTRICT COURT

11/15/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ ASI _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 5:24-cr-00278-SPG |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1344(2): Bank Fraud and Attempted Bank Fraud; 18 U.S.C. §§ 982, 1028, and 1029: Criminal Forfeiture] |
| JACOB ANTHONY DAILY and GABRIEL RODRIGUEZ, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

[ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   Wells Fargo Bank, N.A. ("Wells Fargo") and JP Morgan Chase Bank, N.A. ("Chase") were financial institutions insured by the Federal Deposit Insurance Corporation.

//

//

B.    OBJECT OF THE CONSPIRACY

     2.    Beginning on a date unknown to the Grand Jury and continuing until on or about August 23, 2023, in Riverside County, within the Central District of California, and elsewhere, defendants JACOB ANTHONY DAILY and GABRIEL RODRIGUEZ conspired with each other and with others known and unknown to the Grand Jury to commit Bank Fraud, in violation of Title 18, United States Code, Section 1344(2).

C.    MANNER AND MEANS OF THE CONSPIRACY

     3.    The object of the conspiracy was carried out, and was to be carried out, in substance, as follows:

          a.    Co-conspirators would task defendant RODRIGUEZ with recruiting individuals to open bank accounts for the purpose of depositing stolen checks.

          b.    Defendant RODRIGUEZ would identify and refer defendant DAILY to contact co-conspirators for the purpose of opening bank accounts.

          c.    Defendant DAILY would open a Chase business account in the name of Daily Printing Co LLC (the "Daily Printing Account") to deposit stolen checks.

          d.    Defendant DAILY would obtain stolen checks that had been altered to be made payable to Daily Printing Co LLC.

          e.    Without permission from the check's intended recipient, defendant DAILY would deposit the altered checks via ATMs into the Daily Printing Account.

          f.    Defendant DAILY would withdraw funds from the Daily Printing Account in smaller amounts for his benefit and the benefit of co-conspirators, including defendant RODRIGUEZ.

//

D.    OVERT ACTS

    4.    On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants DAILY and RODRIGUEZ, together with others known and unknown to the Grand Jury, committed the following overt acts, among others, within the Central District of California, and elsewhere:

Overt Act No. 1:    On an unknown date prior to February 16, 2023, defendant RODRIGUEZ recruited defendant DAILY to join an online chat group for the purpose of committing fraud.

Overt Act No. 2:    On February 16, 2023, defendant DAILY opened the Daily Printing Account for the purpose of engaging in fraud.

Overt Act No. 3:    On or before March 1, 2023, a co-conspirator stole a $235,870 check written by the Charleston County Treasurer made out to a third-party (the "Charleston County Check").

Overt Act No. 4:    On March 1, 2023, defendant DAILY deposited the Charleston County Check, which had been altered to reflect Daily Printing Co LLC as the payee, into the Daily Printing Account an ATM in Lake Elsinore, California.

Overt Act No. 5:    On March 13, 2023, defendant DAILY, assisted by defendant RODRIGUEZ, withdrew approximately $36,198 in funds, at a casino in Pala, California, from the Daily Printing Account that had been fraudulently deposited via the Charleston County Check.

Overt Act No. 6:    On April 13, 2023, defendant DAILY attempted to deposit a stolen check in the amount of $112,062 that had been altered to reflect a Daily Printing Co LLC as the payee, into the Daily Printing Account.

                          COUNTS TWO AND THREE

                   [18 U.S.C. §§ 1344(2), 2(a), 2(b)]

                          [DEFENDANT DAILY]

     5.   The Grand Jury re-alleges paragraphs 1, 3, and 4 of this
Indictment as if fully set forth herein.

A.   THE SCHEME TO DEFRAUD

     6.   Beginning on a date unknown to the Grand Jury and
continuing until on or about August 23, 2023, in Riverside County,
within the Central District of California, and elsewhere, defendant
JACOB ANTHONY DAILY, together with others known and unknown to the
Grand Jury, each aiding and abetting the others, knowingly and with
the intent to defraud, devised, participated in, and executed or
attempted to execute a scheme to obtain moneys, funds, credits,
assets, and other property owned by and in the custody and control of
Wells Fargo and Chase Bank by means of materially false and
fraudulent pretenses, representations, and promises, and the
concealment of material facts.

     7.   The scheme operated as set forth in paragraph 3 of this
Indictment, which is incorporated here.

B.   THE EXECUTION OF THE FRAUDULENT SCHEME

     8.   On or about the following dates, in Riverside County,
within the Central District of California, and elsewhere, defendant
DAILY committed and willfully caused others to commit the following
acts, each of which constituted an execution or attempted execution
of the fraudulent scheme:

| COUNT | DATE | ACT |
|-------|------|-----|
| TWO | 3/1/2023 | Execution:  Deposited a stolen check in the amount of $235,870 that had been altered to reflect Daily Printing Co LLC as the payee into a Chase Bank account controlled by defendant DAILY via an ATM in Lake Elsinore, California. |
| THREE | 4/13/2023 | Attempted Execution:  Attempted to deposit a stolen check in the amount of $112,062 that had been altered to reflect Daily Printing Co LLC as the payee into a Chase Bank account controlled by defendant DAILY via an ATM in Lake Elsinore, California. |

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts One Through Three of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDER S. GORIN
Assistant United States Attorney
Cyber and Intellectual Property
Crimes Section